IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2224-FL

| | |
|---|---|
| AVERY L. WILLIAMS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |

The matter came before the court on respondent's motion for summary judgment (DE 11) pursuant to Federal Rule of Civil Procedure 56. The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On July 9, 2013, in the Martin County Superior Court, petitioner pleaded guilty to seven counts of possession with the intent to sell and deliver cocaine, two counts of possession with the intent to sell and deliver marijuana, and two counts of maintaining a dwelling place for controlled substances. (Resp't's Mem. Ex. 1.) Petitioner was sentenced to five consecutive terms of 8-19 months imprisonment, plus a 30 month term of probation. (Id. Ex. 2.) Petitioner did not file a direct appeal.

On September 10, 2013, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Martin County Superior Court. (Id. Ex. 4.) The superior court denied petitioner's MAR on October 9, 2013. (Id. Ex. 5.) Petitioner then filed a second MAR in the superior court on October 16, 2013, which was summarily denied on November 14, 2013. (Ex. 6; Pet. Attach. p. 1.) On March

6, 2014, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals. (Resp't's Mem. Ex. 7.) The court of appeals denied petitioner's certiorari petition. (Id. Ex. 9.) On June 26, 2014, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Supreme Court, which was dismissed. (Pet. Attach. p. 4.).

On November 6, 2014, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims in his § 2254 petition: (1) the sentencing court violated his rights pursuant to the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution by sentencing him to consecutive sentences without explanation; (2) the sentencing court denied him appellate review; (3) his attorney did not inform him that he could appeal, nor ask his consent not to appeal; (4) he was "entrapped for enhancement of sentence;" and (5) the superior court judge erred in aggravating his sentence based upon petitioner's refusal to withdrawal from a pending appeal in another case. Respondent subsequently filed a motion for summary judgment arguing that petitioner's claims are meritless. The motion was fully briefed.

## DISCUSSION

A.  Motion for Summary Judgment

   1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the

nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents,

3

> that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

   2. Analysis

      a. Consecutive Terms of Imprisonment

In his first claim, petitioner asserts that the trial court violated his rights pursuant to both the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution by sentencing him to consecutive terms of imprisonment without explanation. The MAR court denied this claim. The United States Supreme Court specifically has upheld as constitutional the practice of judges imposing consecutive sentences for multiple crimes. See Oregon v. Ice, 555 U.S. 160, 164 (2009) (finding that a trial judge may impose consecutive sentences for multiple sentences without violating constitutional right to a jury trial); see also, Barnhill v. North Carolina, No:12-HC-2141-FL, 2014 WL 773534, at *6 (E.D.N.C. Feb. 25, 2014) ("Because the trial court had the authority to impose consecutive sentences for multiple offenses, petitioner failed to establish that the trial court violated petitioner's constitutional rights when it imposed the consecutive sentence."), appeal dismissed, 582 F. App'x 188 (4th Cir. 2014); Robles v. Keller, No. 1:12-cv-345-RJC, 2013 WL 6254080, at *5 (W.D.N.C. Dec. 4, 2013) ("Moreover, trial judges may impose consecutive sentences for multiple offenses without violating the constitutional right to a jury trial.") (citation omitted). Because the trial court had the authority to

4

impose consecutive sentences for multiple offenses, petitioner failed to establish that the trial court violated petitioner's constitutional rights when it imposed the consecutive sentence.

As for petitioner's claim pursuant to the equal protection clause, petitioner provides no facts to support a finding that his consecutive sentences violates the equal protection clause. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996). Thus, petitioner again failed to establish a constitutional violation.

Based upon the foregoing, petitioner has not demonstrated that the MAR court's adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e). Thus, respondent is entitled to summary judgment for this claim.

      b.      Sentencing Court's Denial of Appellate Review

In his second claim, petitioner contends that the sentencing court deprived him of appellate review because it did not state for the record its reason for imposing multiple consecutive sentences and did not provide petitioner the opportunity to seek appellate review as to the consecutive nature of his sentences. Petitioner raised this claim in the MAR court, and it was summarily denied.

This court, likewise, finds that petitioner is not entitled to relief. First, as set forth above, the superior court judge did not violate petitioner's constitutional rights by imposing consecutive sentences because a superior court judge may impose consecutive sentences for multiple crimes.

5

See Oregon, 555 U.S. at 164. As for petitioner's contention that the court of appeals did not provide petitioner the opportunity to seek appellate review, this argument also fails. Specifically, the record reflects that petitioner swore under oath in open court that he understood that his right to appeal would be limited by his guilty plea. (Resp't's Mem. Ex. 1, p. 1.); Rangel v. Harkleroad, No. 3:11-cv-336-RJC, 2012 WL 874874, at *6, n., 2 (W.D.N.C. Mar. 14, 2012). Petitioner, additionally, has not alleged facts or presented any evidence indicating that the superior court interfered with his ability to file an appeal. See Nickerson, 971 F.2d at 1136.

Based upon the foregoing, petitioner has not demonstrated that the MAR court's adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e). Accordingly, respondent's motion for summary judgment is GRANTED as to this claim.

    c. Ineffective Assistance of Counsel

In his third claim, petitioner alleges that he received ineffective assistance of counsel because his attorney did not inform him of the right to appeal or ask for petitioner's consent not to appeal.

To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of

6

reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

First, petitioner does not argue, and has presented no facts, to establish that he directed his counsel to file an appeal on his behalf. Counsel does not provide ineffective assistance by failing to notice an appeal in the absence of a request to do so from the client. See Wood v. Woodson, No. 3:14–cv–136–JAG, 2014 WL 5410633, at *5 (E.D. Va. Oct. 23, 2014) (rejecting ineffective assistance claim premised on failure to file appeal where no facts showed the petitioner ever requested counsel to appeal).

To the extent petitioner alleges that his counsel failed to notify or consult with petitioner regarding his appellate rights, his claim is meritless. The United States Supreme Court in Roe v. Flores-Ortega, 528 U.S. 470 (2000), discussed an attorney's obligation to consult with his client about an appeal. In particular, the court in Flores-Ortega, provided:

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Flores–Ortega, 528 U.S. at 480. In assessing whether an attorney had a constitutional duty to consult,

> the Court [in Flores-Ortega] indicated that several factors were relevant, including whether the conviction followed a trial or guilty plea. In cases involving guilty pleas, the Court instructed lower courts to consider whether the defendant received the sentence

7

> bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights.

United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (internal quotation marks omitted).

Here, petitioner does not allege facts to establish a claim pursuant to either prong of the Flores-Ortega test. In particular, there is no evidence to establish that a rational defendant in petitioner's position would have wanted to file an appeal. Rather, the evidence suggests otherwise. For instance, the record reflects petitioner pleaded guilty. As stated, petitioner's plea transcript reflects that petitioner was specifically advised of his right to appeal and that if he pled guilty there would be limitations on that right. (Resp't's Mem. Ex. 1, p. 1.) Petitioner swore that he understood the limitations on his right to appeal. (Id.) Finally, petitioner received a sentenced within the terms set forth in his plea agreement. (Id. p. 2.)

Based upon the foregoing, the court finds that there is no evidence that petitioner demonstrated to his trial counsel that he wished to file an appeal and that counsel did not breach any duty to consult with petitioner regarding petitioner's appellate rights. See generally Flores–Ortega, 528 U.S. at 487 (stating that whether a defendant receives a sentence pursuant to his plea bargain and expresses no desire to appeal, and whether counsel has a reason to believe a rational defendant would want to appeal, are non-exclusive factors to consider in determining whether counsel acted reasonably in not advising defendant about appellate rights). Thus, the court grants respondent's motion for summary judgment as to petitioner's ineffective assistance of counsel claims.

d. Entrapment

In his fourth claim, petitioner alleges that his due process rights were violated because "he was entrap[p]ed for enhancement of a sentence." (Pet. p. 12.) In support of his claim, petitioner asserts the following:

> Officers used distinct criminal episodes for purposes of enhancement. Officers conspired against me to make multiple sells by sending the same informant to make buys. Officers let the acts continue in course for what would constitute a sentence enhancement. My sentence was aggravated due to the fact these mutually exclusive sells was built up against me.

(Id.)

Respondent, in its motion for summary judgment, argues that petitioner's entrapment claim is foreclosed by petitioner's knowing and valid guilty plea. A valid guilty plea constitutes the admission of the material elements of a crime. See McCarthy v. United States, 394 U.S. 459, 466 (196). A voluntary guilty plea normally forecloses an attack based on any antecedent, non-jurisdictional errors. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Meyer v. Branker, 506 F.3d 358, 367 (4th Cir. 2007) ("[I]t is well known that a defendant's guilty plea itself serves as a 'conviction,' supplying 'both evidence and verdict.'") (citing Boykin v. Alabama, 395 U.S. 238, 242, 243 n. 4 (1969)). Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267.

Here, the record reflects that petitioner swore under oath that he understood he was pleading guilty to seven counts of possession with the intent to sell and deliver cocaine, two counts of possession with the intent to sell and deliver marijuana, and two counts of maintaining a dwelling

9

place for controlled substances. (Resp't's Mem. Ex. 1, p. 2.) Petitioner further testified at his plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charges, each element of the offenses, as well as possible defenses. See (id. p. 1.) Petitioner's counsel also certified that he explained to petitioner the nature and elements of the charges to which petitioner pleaded guilty. (Id. p. 3.) Petitioner testified that he was satisfied with his attorney's services, and that he was entering his plea of his own free will without any undue outside influence. (Id. pp. 2, 3.) He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. (Id. p. 3.) Finally, petitioner testified that he was not under the influence of alcohol, drugs, narcotics, medicines, or pills. (Id. p. 2.)

After listening to petitioner's response to the guilty plea colloquy in open court and observing petitioner's demeanor, the trial court judge found as a fact that petitioner was competent to stand trial. (Id. p. 4.) Absent extraordinary circumstances, these solemn in-court representations should be deemed conclusive. Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981); see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbrook, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984). Thus, the court finds that petitioner's guilty plea was knowing and voluntary. Based upon the foregoing, petitioner's entrapment claim is barred by Tollett.

    e.  Trial Judge Aggravated his Sentence

In his final claim, petitioner asserts that the trial judge erred in aggravating his sentence due to the fact he was denied withdrawal from his pending appeal. In support of this claim, petitioner asserts that during the sentencing proceedings, the trial judge stated that if petitioner wished to appeal, it would effect the way he would be sentenced. Petitioner also asserts that he was denied withdrawal of his ongoing appeal in another case.

Respondent contends that petitioner did not properly present this claim to the state courts and that it is now procedurally barred. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, an inmate must fairly present his claims to the state court. This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A habeas petitioner has the burden of proving that a claim is exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

A prisoner must exhaust the remedies available to him in state court before he files a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1)(A). Section 2254's exhaustion requirement demands that state prisoners give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Boerckel, 526 U.S. at 845. This "one full opportunity" includes filing petitions for discretionary review with the state supreme court when that review is part of the ordinary appellate procedure in the state. See id. In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a MAR and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1422.

A claim that has not been adequately presented to the state courts may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner now attempted to present it. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); Breard v. Pruett,

11

134 F.3d 615, 619 (4th Cir. 1998). A claim treated as exhausted and consequently procedurally defaulted because it would now be procedurally barred in state court can overcome the default if the petitioner can demonstrate cause and actual prejudice and/or a miscarriage of justice. Baker, 220 F.3d at 288 (citing Gray, 518 U.S. at 162); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must show something external prevented him from complying with the state procedural rule. Coleman, 501 U.S. at 753. To show prejudice, a petitioner must show he was actually prejudiced as a result of the alleged violation of federal law. United States v. Frady, 456 U.S. 152, 168 (1982).

In this case, petitioner admits that he has never raised this claim in state court. (Pet. p. 14.) Because of this omission, petitioner has not adequately presented his claims to the state courts. If petitioner now returned to state court to exhaust his claim by filing a motion for appropriate relief, he would be procedurally barred by North Carolina's procedural bar statute, N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3), and (b). See Rose v. Lee, 252 F.3d 676, 683 (4th Cir.) (holding procedural bar pursuant to N.C. Gen. Stat. § 15A-1419 is mandatory), cert. denied, 534 U.S. 941 (2001); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) (holding § 15A-1419(a)(3) to be an independent and adequate state procedural bar, precluding federal habeas review), cert. denied, 525 U.S. 1155 (1999); McCarver v. Lee, 221 F.3d 583, 588-589 (4th Cir. 2000); Blakeney v. Lee, No. 3:05-CV-10-V, 2007 WL 1341456, * 35 (W.D.N.C. May 3, 2007), aff'd, No. 07-15, 2009 WL 550873 (4th Cir. Mar. 5, 2009). Petitioner, additionally, has not established cause or prejudice for his procedural default. Based on the foregoing, petitioner's claim is procedurally barred.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose, 252 F.3d at 684 (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's

13

claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 11) is GRANTED. The certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 18th day of February, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

14

Case 5:14-hc-02224-FL   Document 16   Filed 02/18/16   Page 14 of 14